UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>,
        Government

        v.                                    Criminal Case No. 08-cr-94-1
                                              Opinion No. 2009 DNH 014
<u>Peter P. Mitrano</u>,
        Defendant

                        **O R D E R**

        This case was originally assigned to Judge Barbadoro.  As
the current trial date approached it became clear that Judge
Barbadoro could not preside due to a special assignment requiring
him to preside over a complex criminal matter in the District of
Puerto Rico during the same trial period.  To facilitate timely
resolution of this matter under those circumstances, this case
was reassigned to me for trial.


        The defendant filed a motion to recuse, and to have the case
reassigned to Judge Barbadoro.  A pretrial status conference was
held.  Counsel for both parties advised that there were pending
legal issues that had been recently briefed and that each side
thought ought to be resolved prior to trial (e.g., the
availability and extent of a "<u>Cheeks</u>" defense; the extent to
which defendant can challenge the validity of the underlying
state support order, etc.).  Counsel for defendant has since

advised the court that he will restyle pending motions in the form of a motion to dismiss, within 30 days.

## Motion to Recuse

Defendant's recusal motion rests on grounds that the undersigned judge dismissed an earlier civil suit filed by him against a state marital master, and in so doing "also dismissed defendant's legal theories regarding the [state] family court's lack of subject matter jurisdiction by stating 'plaintiff is a trained attorney and presumably knows, or certainly should know, that his claims are nonstarters.'"   See Mitrano v. Martin, Case No. 01-cv-153-M.   Defendant says "These same claims will also be at issue in the instant prosecution . . . ."

In addition, defense counsel asserts that ". . . it has come to counsel's attention that Hon. Judge McAuliffe also signed Orders suspending the defendant from practicing [law] in this Court."  . . . "suggest[ing] that the defendants legal arguments regarding why he should not be suspended are "arcane' and 'meritless'," and further stated that "[the] misconduct by Mitrano that was established in the District of Columbia disciplinary proceeding (theft) unquestionably warrants the sanction of disbarment."   In re Peter Paul Mitrano, Docket No. 07-adr-01-M.

Taking the assertions in reverse order, indeed theft by an attorney under the circumstances found with respect to Mitrano unquestionably warrants disbarment, and Mitrano has been properly disbarred in a number of jurisdictions, including this one.  That serious misconduct, however, bears no relationship to the criminal case at hand — the facts are unrelated, the applicable law is unrelated, and the disposition is unrelated.

The same is true with respect to the assertion of recusable bias.  Counsel for defendant misconstrues, or distorts, the disposition of Mitrano's earlier civil case.  As the order, fully quoted, made clear:

> Extensive analysis and discussion [of Mitrano's federal claims] are not warranted.  [Mitrano] is a trained attorney and presumably knows, or certainly should know, that his claims are nonstarters.  Briefly, the New Hampshire Superior Court's exercise of jurisdiction over his child custody case, <u>whether legally correct or incorrect</u>, and its order finding him in contempt of that court, <u>whether legally correct or incorrect</u>, are matters which he can fully litigate in the state courts — appeals lie in the New Hampshire Supreme Court and, if cognizable federal issues warrant it, in the United States Supreme Court.  Lower federal courts, however, do not sit in review of state court decisions, particularly when the state proceedings are ongoing, as is the case here.  <u>Mitrano v. Martin</u>, 2002 DNH 030, at 2-3 (emphasis added) (citations omitted).

So, counsel misquoted, by not fully quoting, and thereby misstates the court's ruling — which specifically did not relate

to any issue of state court jurisdiction or any other issue
pending before the state court in Mitrano's custody dispute, but
rather addressed only his <u>federal</u> claims and <u>this</u> court's
jurisdiction, finding that there was no federal jurisdiction,
hence the dismissal.  And, again, as a trained attorney,
defendant knew or certainly should have known, that his federal
claims were nonstarters, for all the reasons given in the
dismissal order; his current counsel should know as much.

A party may invoke a statutory right to recusal of a federal
trial judge under certain circumstances.  The applicable statute
provides:

> Whenever a party to any proceeding in a district
> court makes and files a timely and sufficient affidavit
> that the judge before whom the matter is pending has a
> personal bias or prejudice either against him or in
> favor of any adverse party, such judge shall proceed no
> further therein, but another judge shall be assigned to
> hear such proceeding.

28 U.S.C. § 144.  Moreover, "[t]o require disqualification, the
alleged bias or prejudice must be both '(1) personal, i.e.,
directed against a party, and (2) extrajudicial.'"  <u>United States</u>
<u>v. Kelley</u>, 712 F.2d 884, 889 (1st Cir. 1983) (quoting <u>United</u>
<u>States v. Carignan</u>, 600 F.2d 762, 763 (9th Cir. 1979)); <u>see</u> <u>also</u>
<u>In re United States</u>, 441 F.3d 44, 67 (1st Cir. 2006).  Regarding
the requirement that a judge's alleged bias be extrajudicial,

4

"[f]acts learned by a judge while acting in his judicial capacity cannot serve as a basis for disqualification on account of personal bias." Kelley, 712 F.2d at 889 (citations omitted).

As noted, the affidavit of a party seeking recusal must be "timely and sufficient." Mitrano has not filed an affidavit. So, initially, Mitrano's motion is defective under 28 U.S.C. § 144 for want of an affidavit.

Recusal on grounds of partiality is also addressed in 28 U.S.C. § 455(b)(1) and 455(a). Section 455(b)(1) is not applicable as defendant has proffered no compelling evidence of actual bias or prejudice. See Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000). The indicia of bias Mitrano posits consists entirely of judicial rulings made in a previous case and a disbarment proceeding over which I presided. His motion asserts no extrajudicial source for any knowledge he claims I have concerning the pending matter, or any of the prior matters in which he was involved. His motion does not sufficiently allege any facts that would counsel, much less require, recusal under either Section 455(b)(1) or 455(a). Kelley, 712 F.2d at 889. See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995) (surveying cases). That is, all Mitrano asserts is "(2) the mere fact that a judge has previously expressed an opinion on a point

5

of law  . . . (3) prior rulings in . . . another proceeding,
solely because they were adverse; [and] (4) mere familiarity with
the defendant . . . ."  Id.  Such matters are not ordinarily
sufficient to warrant § 455(a) recusal.  A reasonable person,
knowing all the relevant facts, would not harbor doubts about the
undersigned judge's impartiality based upon such claims.

As one scholarly publication on the subject of recusal has
observed:

> In some cases, the judge's familiarity with aspects of
> a case comes from having presided over related cases.
> Here, too, absent unusual circumstances, recusal is
> unnecessary.  The case of Town of Norfolk v. United
> States Army Corps of Engineers, [968 F.2d 1438 (1st
> Cir. 1992)] is illustrative.  A district judge had
> overseen compliance with a city plan to clean up the
> Boston Harbor.  In a subsequent case about locating a
> landfill pursuant to the Clean Water Act, a party moved
> for the judge's recusal and the judge refused.  The
> First Circuit upheld the refusal, noting that "a judge
> is sometimes required to act against the backdrop of
> official positions he took in other related cases.  A
> judge cannot be replaced every time a case presents an
> issue with which the judge's prior official decisions
> and positions may have a connection."

Recusal:  Analysis of Case Law Under 28 U.S.C. §§ 455 & 144,
Federal Judicial Center (2002), p. 26 (quoting Town of Norfolk,
968 F.2d at 1462).  Here, of course, there is no relatedness
among the cases.  There was no issue decided, or fact found, in

the prior federal cases that will be presented in Mitrano's
federal prosecution.

A decision on a recusal motion requires the judge to balance
several factors and "must reflect <u>not</u> <u>only</u> the need to secure
public confidence through proceedings that appear impartial, <u>but</u>
<u>also</u> the need to prevent parties from too easily obtaining the
disqualification of a judge, thereby potentially manipulating the
system for strategic reasons, perhaps to obtain a judge more to
their liking." <u>In re U.S.</u>, 441 F.3d at 67 (quoting <u>In re Allied-
Signal, Inc.</u>, 891 F.2d 967, 970 (1st Cir. 1989) (emphasis in
original)).  While it is always tempting for a judge to simply
recuse from cases, such as this, involving difficult parties who
have been unsuccessful in past cases before the same judge,
nevertheless, a judge is as duty bound to sit when recusal is not
appropriate as to recuse when it is appropriate.  <u>See</u> <u>Laird v.
Tatum</u>, 409 U.S. 824, 837 (1972) (citations omitted).  Recusal is
simply not appropriate here.

Because Mitrano's motion for recusal (document no. 54) is
legally insufficient in that it does not assert any facts or
circumstances that could cause a reasonable person, fully
informed of the actual facts, to question the assigned judge's
impartiality, it is denied.

7

**Continuance**

Defense counsel filed a number of motions in December raising issues that are, on their face at least, somewhat complex.  Those motions just became ripe and are pending.  Both sides agree that those matters should be resolved in advance of trial.  And, defense counsel will be filing a more focused motion to dismiss within 30 days.  The case is not ready for trial.  Accordingly, it will be continued.

The court finds that the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a speedy trial, 18 U.S.C. § 3161(h)(8)(B)(iv), in that failure to grant a continuance would unreasonably deny defendant the reasonable time necessary for effective preparation taking into account the exercise of due diligence under the circumstances.

Because trial is continued to permit resolution of the issues raised in the pending motions, there is no need for the reassignment to facilitate an early disposition.  Accordingly, the Clerk will vacate the reassignment order and restore this case to Judge Barbadoro's docket.

8

### Conclusion

The motion to recuse (document no. 54) is **DENIED**.  The trial is continued.  Defense counsel will file a focused motion to dismiss within 30 days of the date of this order supported by a memorandum of law.  The government shall respond within the time prescribed by applicable rules of procedure.


**SO ORDERED.**


Steven J. McAuliffe
Chief Judge

February 4, 2009

cc:  Helen W. Fitzgibbon, Esq., AUSA
     Jeffrey S. Levin, Esq.
     U.S. Probation
     U.S. Marshal

9